C. L. MAST, M. W. SETZER, EARL ELLIS and FRITZ LOVINS, Trustees under a Deed to Trustees of the HAPPY VALLEY GOSPEL CHURCH v. W. S. BLACKBURN, MRS. ZORA BLACKBURN, P. G. McGEE, PAUL BLACKBURN, WILLIE MILLER, R. A. MILLER, and VERNA M. FIELDS.

(Filed 16 April, 1958)

**1. Trusts § 8—**
    The death of trustees without provision in the instrument for the appointment of their successors does not terminate the trust, since a trust does not fail for want of a trustee.

**2. Trusts §§ 9, 20—**
    A trustee holds the bare legal title for the purposes of the trust, and therefore the sole heir at law of the survivor trustee can at most convey the bare legal title, but cannot administer the trust or use the trust property for his own benefit, and therefore his deed to trustees designated by him to carry out the trust is ineffectual as an appointment of successor trustees.

**3. Trusts § 9—**
    Prior to Chapter 1255, Session Laws of 1953, (G.S. 36-18.1) a clerk of the superior court had no power to appoint successor trustees of a charitable trust, such authority being vested solely in the superior court and not in the respective clerks thereof. G.S. 36-21.

**4. Trusts §§ 9, 14a—**
    The appointment by the clerk of successor trustees of a charitable trust in *ex parte* proceeding prior to the effective date of G.S. 36-18.1, is void, and such appointees may not maintain an action to restrain others from interfering with their asserted rights as trustees, but successor trustees may be appointed by the judge of the superior court *nunc pro tunc* under G.S. 36-21 or by the clerk under G.S. 36-18.1.

    Appeal by defendants from *Froneberger, J.,* January Term 1958 of Caldwell.
    The plaintiffs instituted this action to restrain the defendants from interfering with the alleged rights of plaintiffs as trustees of the property hereinafter described.
    It appears from the record that the Reverend Reuben Coffey, of

Burke County, North Carolina, on 19 October 1832, conveyed to William Davenport and Elijah Coffey (trustees), both of Wilkes County, North Carolina, a one-acre plot of land in Wilkes County (now Caldwell County), "in consideration of the Christian Love and respect which he hath and bears toward all denominations of Professed Christians who believe in the doctrine of the Protestant religion and in the articles of the Christian faith hath bargained and conveyed in (trust) the lot of land hereinafter described and the Meeting house thereon as a place of public worship for all denominations above mentioned to the said William Davenport and Elijah Coffey, Trustees." The description of the lot is given by metes and bounds.

In the habendum of the deed this language appears: "And the said Reuben Coffey doth hereby bind himself his heirs and assigns well and truly to warrant and forever defend the aforesaid lot of land with its appurtenances unto them the said William Davenport and Elijah Coffey, in trust (for the purposes above mentioned) their heirs and assigns forever free and clear from all claims and incumbrances of him the said Reuben Coffey his heirs and assigns forever."

The above deed was duly recorded in Book 0, page 152, in the office of the Register of Deeds of Wilkes County, North Carolina.

William Davenport and Elijah Coffey, trustees, having died, and no successor trustees having been appointed, Edmund W. Jones of Caldwell County, on 16 April 1873, executed a deed, as the sole heir of one of the trustees, William Davenport, to William B. Coffey, the Clerk of the Baptist Church using the property at the time, and to his successors in office, "all the right, title, claim and interest which he the said Edmund W. Jones possesses in the said lot of ground * * *" This deed contained a recital of the purposes for which the original trust was created and was duly recorded on 12 March 1879 in the office of the Register of Deeds of Caldwell County.

The plaintiffs in this action filed an ex parte proceeding in the Superior Court of Caldwell County, before the Clerk, in 1946, in which, after reciting the contents of the Reuben Coffey deed, they alleged, among other things, that about six years prior thereto, certain persons, being the petitioners and others, finding that the former church buildings had passed into disuse by reason of their age, raised funds to build a church on the lot involved herein, such church to be used by all denominations in accordance with the express terms of Reuben Coffey, as defined in his deed to William Davenport and Elijah Coffey, trustees.

The petitioners prayed that they be named as trustees of the Happy Valley Gospel Church, for the purposes of carrying out the trust created and set up in the deed from the Reverend Reuben Coffey to William Davenport and Elijah Coffey in 1832.

MAST *v.* BLACKBURN.

On 23 October 1946, the Clerk of the Superior Court of Caldwell County purported to appoint these petitioners as trustees for the purposes set forth in the petition.

When the present cause came on for hearing, it was agreed that his Honor might hear the matter without a jury and render judgment on the verdict. No evidence was introduced other than the pleadings and the exhibits. The defendants moved for judgment as of nonsuit; motion denied; exception. The plaintiffs moved for judgment on the pleadings; motion allowed; exception.

The court below held that "the deed by Rev. Reuben Coffey to the grantees named as trustees creates a charitable or religious trust, and that the original grantee trustees having died, without the appointment of successors, it was the office of the Clerk of the Superior Court under the provisions of General Statutes of N. C. 36- to appoint the trustees to succeed the original trustees who had died." Whereupon, the court further held that, the judgment approving the petitioners as trustees "is valid, and must be so considered, unless and until a motion shall be made in the original special proceeding in which the judgment of appointment was made, to set the judgment aside"; that such order cannot be attacked collaterally.

From the judgment entered, the defendants appeal, assigning error.

*Hal B. Adams, for plaintiff, appellees.*
*L. H. Wall, for defendant, appellants.*

DENNY, J.　It would seem that this appeal requires the determination of two questions: (1) Did the use of the words, "unto them the said William Davenport and Elijah Coffey, in trust (for the purposes above mentioned), their heirs and assigns forever," appearing in the habendum of the deed, clothe Edmund W. Jones, the sole heir of William Davenport, one of the trustees in the Reuben Coffey deed, with power to convey a good title to the premises involved? (2) Did the Clerk of the Superior Court of Caldwell County have the authority on 23 October 1946 to appoint the plaintiffs as trustees, pursuant to the request in the *ex parte* proceeding brought before him?

In our opinion, the use of the words, "their heirs and assigns," in the habendum of the deed executed by the Reverend Reuben Coffey on 19 October 1832, to William Davenport and Elijah Coffey, trustees, for the purposes therein expressed, did not make Edmund W. Jones a trustee of the property or give him the right to administer the trust, or to transfer the property to anyone else with power to carry out the purposes of the trust, unless directed to do so by a court of competent jurisdiction.

The death of original trustees, without any provision in the instrument creating the trust for the appointment of their successors, will not terminate or destroy a trust. *Lassiter v. Jones,* 215 N.C. 298, 1 S.E. 2d 845.

The general rule with respect to such trusts is succinctly stated in Scott on Trusts, Volume 1, section 101, page 752: "The principle that equity will not allow a trust to fail for want of a trustee is clearly established. Where a trust has once been created and the trustee dies, become insane or subject to some other legal incapacity, or resigns or is removed, the trust does not fail, but a new trustee will be appointed." *Benevolent Society v. Orrell,* 195 N.C. 405, 142 S.E. 493; *Lassiter v. Jones, supra; Cheshire v. First Presbyterian Church,* 221 N.C. 205, 19 S.E. 2d 855; 90 C.J.S., Trusts, Section 217 (a), page 151; 54 Am. Jur., Trusts, Section 122, page 106.

We hold that Edmund W. Jones, at most, held only the bare legal title impressed with the trust, but that he never possessed the right to administer the trust or to use the property for his own benefit. If indeed Edmund W. Jones was the sole heir of William Davenport, and Willian Davenport survived his co-trustee, then title vested in him pending appointment by civil action in the nature of a bill in equity in the superior court of a successor trustee or trustees. *Cameron v. Hicks,* 141 N.C. 21, 53 S.E. 728, 7 L.R.A. (NS) 407; Scott on Trusts, Volume 1, section 101.1, page 753.

It follows, therefore, that the deed from Edmund W. Jones, as sole heir of William Davenport, to William B. Coffey, Clerk of the Baptist Church, and his successors in office, which Baptist Church was using the property at the time, conveyed to Coffey no greater interest in the trust property than Jones held. Furthermore, nothing appears on this record to indicate that William B. Coffey or any of his successors asserted or have undertaken to assert any right, title or interest in the property that has ripened into a good title by adverse possession or otherwise. Hence, we hold that neither Coffey nor any of his successors in office had the legal or equitable right to administer the trust created by the Reuben Coffey deed.

As to the second question posed, it appears that on 23 October 1946, the clerk of the superior court had no power to appoint a successor trustee or trustees, except in cases where the former trustee or trustees had resigned. G.S. 36-9.

The provisions of G.S. 45-9 are not applicable to the facts involved herein. *Cheshire v. First Presbyterian Church, supra.* The powers granted in G.S. 36-21 are vested in the superior court and not in the respective clerks thereof.

Not until our General Assembly enacted Chapter 1255 of the Session Laws of 1953, was the clerk of the superior court given the power

to appoint a successor trustee or trustees in a situation like that under consideration. If follows, therefore, that the order of the Clerk of the Superior Court of Caldwell County, purporting to appoint these plaintiffs as trustees to carry out the purposes of the trust created in the Reuben Coffey deed of 1832, was a nullity.

Even so, the superior court, in a civil action, in the nature of a bill in equity, may appoint new trustees or appoint the plaintiffs as trustees, *nunc pro tunc (Cheshire v. First Presbyterian Church, supra)*, if the necessary parties are before the court, or trustees may be appointed by the Clerk of the Superior Court of Caldwell County, pursuant to the provisions of Chapter 1255 of the Session Laws of 1953, now codified as G.S. 36-18.1.

The controversy involved in this litigation should be terminated without further delay. Representative trustees should be appointed and should not come from any one particular group or denomination. The purposes of the trust and the limited value of the property involved would not seem to justify controversial litigation or any serious difficulty in procuring the appointment of trustees satisfactory to all interested parties.

In light of the conclusions we have reached, the motion for judgment as of nonsuit should have been sustained, and the ruling to the contrary is

Reversed.