UNITED STATES of America, Plaintiff,

v.

Terry S. HOPKINS; Judith D. Conway; Rolee Stockwell; and The State of West Virginia, Tax Department, Defendants.

Civ. A. No. 2:92–0940.

United States District Court, S.D. West Virginia, at Charleston.

Feb. 18, 1994.

---

Donald L. Stennett, Rebecca A. Betts, U.S. Atty., Charleston, WV, R. Scott Clark, U.S. Dept. of Justice, Washington, DC, for plaintiff.

Steven L. Miller, Miller & Reed, Cross Lanes, WV, for defendants Terry S. Hopkins, Judith D. Conway.

Robert G. Wolpert, Charleston, WV, for defendant Rolee Stockwell.

Douglas A. Kilmer, Asst. Atty. Gen., State Tax Div., Charleston, WV, for interested party State Tax Com'r/State of W.Va.

## MEMORANDUM ORDER

COPENHAVER, District Judge.

This matter is before the court on the motion of the United States of America, on behalf of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, for summary judgment. None of the defendants have responded to the motion.

The government's complaint, filed on October 5, 1992, seeks to reduce assessed federal tax liabilities of defendant Terry S. Hopkins [1] to judgment, and to foreclose its federal tax liens against property located at 1111 Park Avenue, Dunbar, West Virginia, in which Terry S. Hopkins has an interest.

### I. Background

Inasmuch as defendants have not responded to the motion for summary judgment, the following facts alleged by the United States are not in dispute.

By deed dated March 31, 1982, and recorded that same date in the Office of the County Commission of Kanawha County, West Virginia, in Deed Book 1998, at page 291, Lesley D. Stockwell, widower, conveyed the property located at 1111 Park Avenue, as more particularly described in the deed,[2] to his children, defendants Terry S. Hopkins and Judith D. Conway, as joint tenants with the right of survivorship. (Pl.'s Ex. A.) Thereafter, in the settlement of an action pending in the Circuit Court of Putnam County, West Virginia, an order was entered on August 12, 1986, which provided that Terry K. Hopkins [3]

and Judith D. Conway retain ownership of the "home" located at 1111 Park Avenue but that Lesley D. Stockwell and Rolee H. Stockwell, his wife, would have "quiet enjoyment" of the property and the right to any rentals received from it.[4] (Pl.'s Ex. B.) The order is recorded in the Office of the County Commission of Kanawha County, West Virginia, in Deed Book 2134, at page 257. Lesley D. Stockwell died on April 17, 1990. Rolee Stockwell, who was born on July 28, 1921,[5] now resides at a different location.

No one else is known to have an interest in the described property except for defendant State of West Virginia, which claims an interest in the property of Terry S. Hopkins by virtue of two tax liens filed against her and in favor of the State for personal income tax liabilities. The first lien, recorded in Kanawha County on November 30, 1989, in Lien Book 155, at page 601, is in the amount of $974.54, for 1987 personal income tax. The second lien, recorded on March 6, 1992, in Lien Book 71, at page 724, is in the amount of $533.31 for 1990 personal income tax. (Ans. of W.Va. Tax Commissioner.) As of October 22, 1992, the date the state's answer was served, the balance due on the November 30, 1989, lien was $1,311.38 and the balance due on the March 6, 1992, lien was $579.17.

With respect to the federal tax liens, by certified copy of a certificate of assessment, the United States demonstrates that on September 19, 1988, Terry S. Hopkins and her husband were sent a Form 4340 notice and

---

1. The assessments are for federal income tax liabilities of Terry S. Hopkins and federal employment withholding tax liabilities of Terry S. Hopkins relating to the operation of Hopkins Bit Service.

2. The property is described in the deed as being:

   [a]ll that certain lot or parcel of land, together with the improvements thereon and appurtenances thereunto belonging, situate in the City of Dunbar, Union District, Kanawha County, West Virginia, being Lot No. Thirty-three (33), of Block "38", as shown upon a revised map of the Town of Dunbar, of record in the Office of the Clerk of the County Commission of Kanawha County, West Virginia, in Map Book 3, at page 157 (formerly 152)....

   Excepted from the conveyance is a parcel containing 0.063 acres, more or less, which was

earlier acquired by the State of West Virginia by condemnation as shown by a final decree entered May 19, 1967, and of record in said Clerk's Office in Deed Book 1491, at page 41.

3. There being no contrary assertion, the court assumes that Terry K. Hopkins, the person referred to in the order, is the same person as Terry S. Hopkins, the defendant in this action.

4. Inasmuch as the government characterizes the interest so created as being a life estate in the Stockwells with the remainder to Terry S. Hopkins and Judith D. Conway, the court will treat it as such.

5. Mrs. Stockwell's date of birth was provided to the court by her attorney in a letter dated February 16, 1994, and filed with the Clerk.

demand for payment of income tax assessment, an estimated tax penalty and a failure to file penalty, totaling $1,703.72, based on a joint federal income tax return filed for the taxable year 1987. (Pl.'s Ex. C.) By separate certified copy of a certificate of assessment, the United States shows that on August 8, 1988, Terry S. Hopkins, as a responsible person of Hopkins Bit Service, Inc., was sent a Form 4340 notice of a penalty assessment in the amount of $39,812.78, for failure to collect or pay over withholding taxes for the fourth calendar quarter of 1987. (Pl.'s Ex. D.)

Thereafter, on October 5, 1989, in Lien Book 40, at page 227, a notice of federal tax lien in the amount of $3,116.28 was filed against Terry S. Hopkins and her husband for the federal income tax liability. (Pl.'s Ex. E.) On February 1, 1990, in Lien Book 40, at page 488, a notice of federal tax lien in the amount of $39,812.78 was filed against Terry S. Hopkins for the employment tax liability. (Pl.'s Ex. F.)

This action was commenced on October 5, 1992. All defendants answered the complaint, but none has responded to the motion for summary judgment or objected to entry of the proposed order of sale served on counsel for the defendants contemporaneously with the motion.

## II. *Discussion*

### A. *Judgment*

By providing certified copies of the Form 4340 certificates of assessment sent to Terry S. Hopkins on September 19, 1988, and August 8, 1989, the government has established a prima facie case in support of the tax liability charged in its complaint. *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir.1980). The government's determination of the amount of income tax liability is presumptively correct in the absence of the taxpayer's demonstration that the amount assessed is in error. *Higginbotham v. United States*, 556 F.2d 1173 (4th Cir.1977). Similarly, there is presumption of liability with respect to employment withholding liability, which shifts the burden to the taxpayer to show either that he is not a party responsible for the tax or that the amount assessed is

incorrect. *Pomponio*, 635 F.2d at 296. Defendant Terry S. Hopkins having failed to contest the amount of, or responsibility for, the tax assessments shown in the certificates of assessments presented by the government, judgment in favor of the United States and against Terry S. Hopkins in the amount of the unpaid assessment, plus statutory additions, is warranted.

By declaration and supporting affidavit filed on September 1, 1993, the government avers that after crediting payments received and adding accrued interest and lien fees, the total amount due and owing the United States as of September 15, 1993, is $52,864.39, for which amount, together with interest as provided in 26 U.S.C. § 6621, the United States seeks judgment. Of that amount, an assessment balance of $1,705.44, plus accrued interest and penalties of $455.72, for a total of $2,161.16, is attributable to the income tax liability reflected in the federal tax lien filed on October 5, 1989. An assessment balance of $41,667.11, plus accrued interest of $9,036.12, for a total of $50,703.23, is attributable to the employment tax liability reflected in the federal tax lien filed on February 1, 1990. Accordingly, judgment in the amount of $52,864.39, plus interest accrued from September 15, 1993, to date in accordance with 26 U.S.C. § 6621, will be entered.

### B. *Foreclosure*

After a federal tax assessment and notice of demand for payment has been made and the assessment remains unpaid, a lien arises against all of the taxpayer's property, whether real or personal, and remains in effect "until the taxpayer's liability 'is satisfied or becomes unenforceable by reason of lapse of time.'" 26 U.S.C. § 6322; *United States v. National Bank of Commerce*, 472 U.S. 713, 719, 105 S.Ct. 2919, 2923, 86 L.Ed.2d 565 (1985) (quoting § 6322). The lien is enforceable in a lien-foreclosure suit seeking the sale of real property pursuant to 26 U.S.C. § 7403. *United States v. Rodgers*, 461 U.S. 677, 690–91, 103 S.Ct. 2132, 2140–42, 76 L.Ed.2d 236 (1983). Any property in which the taxpayer has "'any right, title, or interest'" is subject to foreclosure proceed-

ings, including property in which others claim an interest, so long as all persons "'having liens upon or claiming any interest in the property'" are joined as parties to the suit. *Id.* at 692–93, 103 S.Ct. at 2142 (quoting § 7403(a) & (b)). After determining the merits of "'all claims to and liens on'" the property and finding a claim or interest of the United States, the court may decree a sale of the entire property and "'a distribution of the proceeds of such sale according to the findings of the court in respect to the interest of the parties and of the United States.'" *Id.* at 693–94, 103 S.Ct. at 2142–43 (quoting § 7403(c)). Innocent third parties thus receive compensation for the sale of their interests. *Id.* at 693–94, 103 S.Ct. at 2142–43; *United States v. Bierbrauer,* 936 F.2d 373, 374 (8th Cir.1991).

■ Where a non-delinquent owner has a property interest that will be affected by the sale of the entire property, the court should consider four criteria in determining whether the sale should be ordered: (1) the extent to which the government's financial interest would be prejudiced if it was limited to the sale of only the partial interest actually subject to the delinquent taxes; (2) whether the third party has a "legally recognized expectation" that his interest would not be subject to a forced sale by the delinquent taxpayer or his creditors; (3) the possibility that the third party will be prejudiced by under-compensation for his interest or by personal dislocation costs; and (4) the relative character and value of the respective possessory and fee interests in the property. *Id.,* 461 U.S. at 710–11, 103 S.Ct. at 2151–52.

On the basis of the undisputed facts, it is seen that Terry S. Hopkins and Judith D. Conway own the property at 1111 Park Ave. as joint tenants with right of survivorship, subject to the life estate of Rolee Stockwell. Assuming that an interested buyer exists, the market value of Terry S. Hopkins' interest alone would doubtless be far less than its value as a fraction of the total value of the entire property. Consequently, the government's ability to collect the taxes due would be prejudiced by a partial sale.

■ Under West Virginia law, property owned jointly is subject to involuntary partition by the creditors of one joint tenant if the interest of other joint tenants will not be prejudiced. *Harris v. Crowder,* 174 W.Va. 83, 322 S.E.2d 854, 861 (1984). Thus, Judith D. Conway has no "legally recognized expectation" that she has a separate property interest that could not be subject to a forced sale by Terry S. Hopkins or her creditors.

Inasmuch as neither Judith D. Conway nor Rolee Stockwell reside at 1111 Park Avenue, neither of them will incur dislocation costs by the sale of the entire property. Moreover, a sale of the entire property would better insure fair compensation to them than would a sale of only Terry S. Hopkins' interest. Finally, with respect to the relative character and value of all the interests in the property, Rolee Stockwell has no fee interest but is regarded as having a life estate. The interests of Terry S. Hopkins and Judith D. Conway are equal. However, the other considerations weigh in favor of a sale of the entire property and it is agreed by the government that Judith D. Conway will receive one-half of the net proceeds of a sale, after appropriate distribution to Rolee Stockwell. The court accordingly concludes, on balance, that a sale of the entire property will better protect the financial interest of the government than would a partial sale of only Terry S. Hopkins' interest, while providing fair compensation to Rolee Stockwell and Judith D. Conway. Under the circumstances, the sale of the entire property will be ordered.

## C. *Respective Interests of the Parties*

In the order of sale presented to the court and served on the parties, to which no objection is made, the United States proposes to distribute the proceeds of the property subject to sale in the following order: (1) expenses of sale; (2) life estate interest of Rolee Stockwell, computed in accordance with West Virginia law, W.Va.Code §§ 43–2–1 through 43–2–3 (1982); (3) one-half of the balance to the United States and the State of West Virginia in accordance with the order of filing of their respective tax liens against Terry S. Hopkins; and (4) the other one-half of the balance, after payment of the expenses of sale and the life estate interest of Rolee Stockwell, to Judith D. Conway.

The court finds that the proposed distribution, together with a further provision that from the amount allocated to Terry S. Hopkins' interest, any funds remaining be distributed next to the State of West Virginia for payment of the state tax lien recorded on March 6, 1992, and the balance, if any, to Terry S. Hopkins, properly reflects the respective rights of the parties. It will be so provided in the order of sale.

### III. *Conclusion*

For the reasons stated, it is **ORDERED** that:

1. Judgment be entered in favor of the United States of America and against Terry S. Hopkins in the principal amount of $52,-864.39, plus interest accrued from September 15, 1993, to date, calculated in accordance with 26 U.S.C. § 6621; and

2. The United States of America be permitted to foreclose its federal tax liens against Terry S. Hopkins for satisfaction of the judgment pursuant to the terms and conditions of the Order of Sale entered contemporaneously herewith.

### APPENDIX

### *ORDER OF SALE*

In accordance with the memorandum order this day entered in the above-styled civil action, it is **ORDERED, ADJUDGED** and **DECREED** that:

1. The United States has valid and subsisting tax liens against all property and rights to property of Terry S. Hopkins;

2. The United States of America is entitled to satisfy the tax liabilities of Terry S. Hopkins by the foreclosure of its judgment and filed tax liens, as described in its complaint and motion for summary judgment, against the real properties located in Kanawha County, West Virginia, and more particularly described as:

All that certain lot or parcel of land, together with improvements thereon and appurtenances thereunto belonging, situate in the City of Dunbar, Union District, Kanawha County, West Virginia, being Lot No. Thirty-three (33), of Block "38," as shown upon a revised map of the Town of Dunbar, of record in the Office of the Clerk of the County Commission of Kanawha County, West Virginia, in Map Book 3, at page 157 (formerly 152), ... There is excepted from the above-described property and not conveyed herein that certain portion of 0.063 acres, more or less, which was acquired by the State of West Virginia by virtue of a Condemnation Proceeding instituted in the Circuit Court of Kanawha County, West Virginia, as shown by final decree of said Court entered May 19, 1967, of record in said Clerk's office in Deed Book 1491, at page 41.

It is further **ORDERED:**

1. That the United States Marshal in and for the Southern District of West Virginia or his representative, be, and he hereby is, authorized pursuant to Title 28, United States Code, Sections 2001 and 2002 to offer for sale at public auction the real property situate in Kanawha County, West Virginia, more particularly described above and in Exhibit A attached hereto.

2. That the said real property be sold by public auction at a time and place situate in Kanawha County, West Virginia, either on the premises themselves or at any other place in accordance with the provisions of Title 28, United States Code, Sections 2001 and 2002, to be announced by the United States Marshal after first being advertised once each week for four (4) consecutive weeks preceding the time fixed for such sale in a daily newspaper of general circulation in Kanawha County, West Virginia, and by any other notice that the United States Marshal or his representative in his discretion may deem appropriate.

3. That said real property shall be sold to the highest bidder subject to unpaid ad valorem real property taxes with plaintiff having the right to withdraw the property from bidding at any time prior to the acceptance of a bid, if in plaintiff's opinion, the bids are inadequate.

4. That said real property shall be sold free and clear of the federal and state tax liens identified below in paragraph 10.C.

5. That no bids (except as to the United States) shall be accepted unless the same is accompanied by a certified check or a cash deposit of at least ten percent (10%) of the amount of the bid.

6. The balance of the purchase price for such property shall be tendered to the United States Marshal by the successful bidder within thirty (30) days following the date of the sale in the form of a certified check. In the event the purchaser fails to fulfill this requirement, the deposit made by him shall be forfeited and applied to the expenses of the sale and the property shall be re-offered for sale. The said sale is subject to confirmation by the court, at which time title to each parcel shall be executed by the United States Marshal to the successful bidder by deed.

7. No later than twenty (20) days after receipt of the balance of the purchase price, the United States Marshal shall file a report of sale with the court, together with a proposed order of confirmation of sale and a proposed deed. Upon confirmation, the United States Marshal shall execute and deliver a deed of judicial sale to the purchaser conveying all right, title and interest of all parties to this action in and to the property, free and clear of the federal and state tax liens identified below in paragraph 10.C.

8. The Clerk of the County Commission of Kanawha County, West Virginia, shall proceed to the recording of the judicial sale deed in favor of the purchaser.

9. That pending the sale of the above-described real property as ordered herein, and for the purpose of preserving the said property and placing it in a proper condition of sale, the United States Marshal is authorized to take possession and custody of the real property, to have free access to the premises and to take all action necessary to preserve the said property between the date of this order and date of confirmation of sale by this court.

10. The proceeds from the sale of the above-described real property shall be distributed in the following order:

A. The expense of the sale;

B. The life estate interest of Rolee Stockwell to her to be computed in accordance with W.Va.Code §§ 43–2–1 through 43–2–3 (1982), and an age factor based on her birthdate of July 28, 1921;

C. One-half of the remaining net proceeds, being that portion allocated to the interest of Terry S. Hopkins, to be distributed between the United States of America and the State of West Virginia in accordance with their respective lien priority as ascertained by the dates of recordation in the Office of the Clerk of the County Commission of Kanawha County, West Virginia, in the lien books identified herein, as follows:

(1) First, to pay the United States tax lien filed on October 5, 1989, and of record in Lien Book 40, at page 227, in the principal amount of $2,161.16, plus interest accrued from September 15, 1993;

(2) Second, to pay the State's tax lien filed on November 30, 1989, and of record in Lien Book 155, at page 601, in the principal amount of $974.54, plus interest accrued from October 22, 1992, at the rate allowed by state law;

(3) Third, to pay the United States tax lien filed on February 1, 1990, and of record in Lien Book 40, at page 488, in the principal amount of $50,703.23, plus interest accrued from September 15, 1993;

(4) Fourth, to pay the State's tax lien filed on March 6, 1992, and of record in Lien Book 71, at page 724, in the principal amount of $579.17, plus interest accrued from October 22, 1992, at the rate allowed by state law;

(5) Fifth, the balance, if any, to Terry S. Hopkins; and

D. The other one-half of the remaining net proceeds to Judith Conway.

The Clerk is directed to forward copies of this order to all counsel of record and to the United States Marshal.

DATED: February 18, 1994

GOVERNMENT
EXHIBIT
A

EXHIBIT A

⸱.⸱1998 ⸱⸱⸱291

THIS DEED, Made this 31st day of March, 1982, by and between LESLEY D. STOCKWELL, Widower, party of the first part, and TERRY S. HOPKINS and JUDITH D. CONWAY, parties of the second part;

### W I T N E S S E T H :

That for and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid, and other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, the party of the first part does hereby GRANT and CONVEY unto the parties of the second part, as joint tenants with the right of survivorship and not as tenants in common, all that certain lot or parcel of land, together with the improvements thereon and appurtenances thereunto belonging, situate in the City of Dunbar, Union District, Kanawha County, West Virginia, being Lot No. Thirty-three (33), of Block "38", as shown upon a revised map of the Town of Dunbar, of record in the Office of the Clerk of the County Commission of Kanawha County, West Virginia, in Map Book 3, at page 157 (formerly 152), and being the same property which was conveyed to the party of the first part and Mildred L. Stockwell, his then wife, by Chester R. Sargent and Dolores Skiles Sargent, his wife, by deed dated April 24, 1969, of record in said Clerk's Office in Deed Book 1553, at page 411, to which map and deed reference is here made for aid in the description and identification of the property hereby conveyed. The said Mildred L. Stockwell having died on ___October 9, 1969___ and being survived by her husband, Lesley D. Stockwell.

There is excepted from the above-described property and not conveyed herein that certain portion of 0.063 acres, more

#1401 Mail: Terry S. Hopkins
Rt 4 Box 27 Newton, WV 25266

DEED 1998 PAGE 292

or less, which was acquired by the State of West Virginia by virtue of a Condemnation Proceeding instituted in the Circuit Court of Kanawha County, West Virginia, as shown by a final decree of said Court entered May 19, 1967, of record in said Clerk's Office in Deed Book 1491, at page 41.

The party of the first part covenants that he will WARRANT GENERALLY the property hereby conveyed and that the same is free and clear of all liens and encumbrances.

This conveyance is not subject to state transfer tax upon the privilege of transferring real property due to the fact that it is a conveyance from parent to children without consideration.

WITNESS the following signature and seal.

_____(SEAL)
Lesley D. Stockwell

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, to-wit:

The foregoing instrument was acknowledged before me this 31st day of March, 1982, by Lesley D. Stockwell, Widower.

My commission expires _____.

_____
Notary Public

This instrument was presented to the Clerk of the County Commission of Kanawha County, West Virginia, on and the same is admitted to record.
MAR 3 1 1982

This instrument was prepared by Walton Shepherd.

Teste: Margaret A. Miller Clerk
Kanawha County Commission