**UNITED STATES of America,
Appellee–Cross–Appellant,**

v.

**Barry TRUPIN, Defendant–Appellant–
Cross–Appellee.**

**Nos. 03–1704, 03–1758.**

United States Court of Appeals,
Second Circuit.

Jan. 4, 2005.

Stephen J. Ritchin, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, on the brief; Stanley J. Okula, Jr., Assistant United States Attorney), New York, New York, for Appellee–Cross-Appellant, of counsel.

Lauren R. Goldman, Mayer, Brown, Rowe & Maw LLP (Andrew L. Frey, Lee H. Rubin, Paula Y. Garrett), New York, New York, for Defendant–Appellant–Cross-Appellee, of counsel.

Present: OAKES, KATZMANN, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be **AFFIRMED.**[1]

On November 4, 2003, following a three-month jury trial before the Honorable Lawrence M. McKenna of the United States District Court for the Southern District of New York, a judgment of conviction was entered in which defendant Barry Trupin, a self-described "master of the corporate veil," was convicted of violating 26 U.S.C. § 7201 (2000 & Supp. II 2003) for attempting to evade payment of income tax and 18 U.S.C. § 1001 (2000 & Supp. II 2003) for falsely understating his assets to the IRS. The District Court for the Southern District of New York sentenced Trupin to a term of 41 months' imprisonment. On appeal, Trupin argues that the government cannot sustain a tax evasion charge where a taxpayer uses and conceals assets held in trust for another person. Even if § 7201

---

1. Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. We review *de novo* the district court's conclusions of law. *See United States v. Estrada*, 320 F.3d 173, 180 (2d Cir.2003).

permitted such an interpretation, Trupin argues that state law was sufficiently unsettled at the time of the relevant conduct that his convictions must be vacated on the ground that the willfulness prong of those convictions cannot be met.

█ In recognition of the strong statutory support and extensive caselaw granting the government near plenary authority to collect taxes, federal courts have routinely disregarded trusts designed to obscure economic realities without considering state determinations of property ownership. *See, e.g., United States v. Noske,* 117 F.3d 1053, 1059 (8th Cir.1997); *United States v. Tranakos,* 911 F.2d 1422, 1431 (10th Cir.1990); *Sandvall v. Commissioner,* 898 F.2d 455, 458 (5th Cir. 1990); *Zmuda v. Commissioner,* 731 F.2d 1417, 1421 (9th Cir.1984). Trupin argues that caselaw granting the government the right to pierce trusts without requiring an examination of state property rights is inapposite to the instant facts because those cases permitting the piercing of a trust required a finding that the trust at issue was a sham, and, in this case, the trusts were not shams. We disagree with Trupin's premise; the government's right to pierce a trust stems from its authority to collect taxes from the entity "with actual command over the property taxed," *Frank Lyon Co. v. United States,* 435 U.S. 561, 572, 98 S.Ct. 1291, 55 L.Ed.2d 550 (1978) (quotation marks omitted), not because a particular trust is deemed a sham. "Once it has been determined that state law creates sufficient interests in the taxpayer to satisfy the requirements of the federal tax lien provision, state law is inoperative to prevent the attachment of liens created by federal statutes in favor of the United States." *Drye v. United States,* 528 U.S. 49, 52, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999) (brackets and internal quotation marks omitted). Thus, where an alter ego trust exists, this Circuit need not defer to a state determination of property rights before attributing assets of that trust to a debtor taxpayer.

█ Even if New York law were controlling, New York law does not preclude trust-piercing under the instant circumstances. *See In re Vebeliunas,* 332 F.3d 85, 91 n. 4 (2d Cir.2003) (distinguishing the denial of a request by private creditors to pierce a trust from holdings permitting trust-piercing where trusts allegedly were used to conceal or to shield a taxpayer's assets). Even though New York has not specifically determined whether, under state law, the government may pierce trusts to collect taxes, the New York Court of Appeals has made clear that the State will not impede the federal government's collection efforts: "[I]t is certain that no policy of this State may interfere with the power of Congress to levy and collect taxes on income." *In re Rosenberg's Will,* 269 N.Y. 247, 251, 199 N.E. 206 (1935).[2] Moreover, permitting the government to collect trust assets in this instance, where the trust beneficiary was herself complicit in the taxpayer's domination of those assets, will not interfere with the policy rationale underlying state trust law. Fundamental to that policy is the principle that a trust is to be administered "solely in the interest of the beneficiary." *Restatement (Second) of Trusts* § 170 (1992); *see also Aspro Mech. Contracting, Inc. v. Fleet Bank, N.A.,* 1 N.Y.3d 324, 330, 773

---

**2.** Trupin also argues that the government is precluded from piercing his daughter's trusts because it cannot show that the trusts were shams from their inception. But an entity may be disregarded for tax purposes even if valid at inception if it acts as the alter ego of another person sometime after its inception. *See United States v. Wapnick,* 60 F.3d 948, 955 & n. 3 (2d Cir.1995).

N.Y.S.2d 735, 805 N.E.2d 1037 (2004). Thus, it is entirely consonant with state law principles to deem assets in a trust the property of the taxpayer for purposes of federal tax law where the trust beneficiary has assisted in the domination of trust assets by the taxpayer for the sole purpose of the taxpayer's use and enjoyment of those assets.

■ Assuming a trust can be pierced, Trupin argues that he cannot be held liable for tax evasion because the state of the law at the time of his conduct was sufficiently unclear to support a conclusion that he acted willfully to disregard the law. We disagree. This Circuit has described the due process standard used in criminal tax cases as follows:

> All the Due Process clause requires is that the law give sufficient warnings that men may conduct themselves so as to avoid that which is forbidden, and thus not lull the potential defendant into a false sense of security, giving him no reason even to suspect that his conduct might be within its scope.

*United States v. Ingredient Tech. Corp.,* 698 F.2d 88, 96 (2d Cir.1983) (citation omitted). "And of course it is immaterial that there is no litigated fact pattern precisely [o]n point." *Id.* (internal quotation marks omitted). Here, Trupin's conduct was more than sufficient for the jury to conclude that he willfully evaded taxes. For example:

- Trupin insisted that his daughter, Tara, purchase his Canadian dream home in her name and he created an elaborate web of financing to effect this outcome;

- Trupin insisted that items sent to the Canadian home be addressed to Tara;

- Trupin insisted that Tara buy a sailboat and a sport utility vehicle in her name for his use;

- Trupin registered the SUV in his name only after it was transferred to Canada;

- Trupin directed that proceeds from the sale of his 63–room, beachfront mansion in Long Island be wired to his former lawyer's escrow account, rather than the nominal seller's account; Trupin then required that the funds go to corporate accounts that remained in existence for so long as it took Trupin to take control of the money;

- Trupin repeatedly used surrogates to pay his bills.

Gov't Br. at 76–77. Since "affirmative willful attempt may be inferred from conduct such as ... concealment of assets or covering up sources of income ... and any conduct, the likely effect of which would be to mislead or to conceal," *Spies v. United States,* 317 U.S. 492, 499, 63 S.Ct. 364, 87 L.Ed. 418 (1943), reasonable jurors could have concluded that Trupin wilfully evaded his tax debt.[3]

Trupin's conviction for making false statements to the IRS in violation of 18 U.S.C. § 1001(a)(3) based on his failure to describe the trust assets as his own is also valid. The jury was presented with ample evidence to conclude that Trupin knew he was making false statements. *See, e.g., United States v. Kosth,* 257 F.3d 712, 720 (7th Cir.2001) (affirming conviction for false statements where taxpayer listed wife as stock owner when he "enjoyed all the real indicia of share ownership").

---

**3.** Trupin cites *United States v. Harris,* 942 F.2d 1125 (7th Cir.1991) for the proposition that a defendant's subjective intent is irrelevant if the law is unclear. *Id.* at 1132 & n. 6. However, *Harris* adopted the approach described in *United States v. Garber,* 607 F.2d 92 (5th Cir.1979) (en banc), which this Court had previously rejected. *See Ingredient Tech. Corp.,* 698 F.2d at 96–97. *Harris* is therefore inapplicable.

We have considered all other matters raised and deem them without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.