UNITED STATES of America,
Plaintiff,

v.

Herman E. GREER; Herman E. Greer,
Trustee of Greer Farm Trust; Helen
G. McKinney; Helen G. McKinney,
Executrix of the Estate of Elise
Greer; State of North Carolina; Tran-
sylvania County; Lisa Greer Whit-
mire; and Timothy C. Whitmire, Trus-
tee of Greer Farm Trust, Defendants.

No. CIV. 1:03CV223.

United States District Court,
W.D. North Carolina,
Asheville Division.

March 17, 2005.

Robert J. Conrad, Jr., U.S. Attorney's Office, Charlotte, NC, Jonathan D. Carroll, U.S. Dept. of Justice, Washington, DC, for Plaintiff.

Herman E. Greer, Pro Se, Sapphire, NC.

Lisa Greer Whitmire, Pro Se, Easley, SC.

Michael K. Pratt, Ramsey, Hill, Smart, Ramsey & Pratt, P.A., Scott D. Neumann, Brevard, NC, Michael D. Youth, Alexandra M. Hightower, Asst. Atty. Gen., N.C. Department of Justice, Raleigh, NC, for Defendants.

## MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on Plaintiff's motions for summary judgment and for default judgment and the Defendant Herman E. Greer's motions to dismiss and to compel.

## I. FACTS

The United States has made assessments against the Defendant, Herman Greer,[1] for his failure to pay income taxes for the years 1986 through 1996. The assessments show that the Defendant owed $320,554.37 as of August 3, 2004, with further interest and penalties accruing from that date. United States' Memorandum in Support of Summary Judgment ["Plaintiff's Memorandum"], filed October 14, 2004, at 3. As a result, federal tax liens rose against all property and rights to property belonging to the Defendant. *See* 26 U.S.C. §§ 6321, 6322. The United States moves the Court for summary judgment as to the Defendant's tax liability and for permission to foreclose on two parcels of real estate it alleges are owned or controlled by the Defendant in order to satisfy his federal tax liabilities. The Plaintiff has also moved the Court to enter default judgment against the Defendant Timothy Whitmire, against whom entry of default has been filed. The Defendant has filed a

---

1. For ease of reference in this Order, the Court will refer to Defendant Herman Greer as "Greer" or "the Defendant." All other Defendants will be identified by name.

timely response in opposition to the Plaintiff's motions for summary and default judgment and has further moved the Court to compel the Plaintiff turn over documentation supporting the tax assessments. He has also filed a "Demand to Dismiss" which the Court will construe as a motion to dismiss and to which the Plaintiff has not specifically responded. *See,* Defendant's "Special Appearance, *etc.,* and Demand to Dismiss the Government[']s Case Against the Defendant, *etc.*", filed August 27, 2004. However, after review of the Defendant's motion to dismiss, the Court determines that a response from the Government is unnecessary.

## II. DEFENDANT'S MOTION TO DISMISS

The Court construes the Defendant's "Demand to Dismiss" as a motion to dismiss based on a lack of subject matter jurisdiction and failure of service. The Defendant also argues that the Plaintiff's claims should be dismissed because of fraudulent and criminal conduct by the Plaintiff. The Court finds the arguments have no merit and summarily denies the Defendant's motion to dismiss.

This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1340, 1345 and 26 U.S.C. § 7402(a). Furthermore, the Plaintiff has put forth evidence that the Defendant was properly served individually, and as a trustee of the Greer Farm Trust, on November 10, 2003. *See* Exhibit A, *attached to,* Plaintiff's Response to Herman Greer's Demand to Set Aside the Alleged Default of Defendant Timothy Whitmire, filed August 6, 2004. The Defendant also filed an answer to the Plaintiff's complaint on December 1, 2003, demonstrating that he was served with the complaint. *See* Answer of Defendant Herman Greer, filed December 1, 2003. Therefore, the Court denies the

Defendant motion to dismiss on lack of subject matter jurisdiction and failure of service.

The Defendant's allegations of fraud and criminal conduct by the Plaintiff are construed by the Court to be a challenge to the basis for and computation of the alleged tax liabilities asserted against the Defendant by the Plaintiff. The Court will address the sufficiency of these arguments below when determining the merits of Plaintiff's motion for summary judgment regarding the Defendant's tax liabilities.

## III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### a) Standard of Review

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking to defeat a motion for summary judgment "may not rest upon the mere allegations or denials of [his] pleadings," but instead must "set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). Unsupported allegations and speculation are not sufficient to defeat a summary judgment motion. *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("One of the primary purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

### b) Plaintiff's Motion for Summary Judgment on Defendant's Tax Liability

The United States moves for summary judgment on the grounds that

the Defendant did not offer evidence to rebut its prima facie case and, therefore, has not shown there is a genuine issue of material fact for trial. To prove a prima facie case of tax liability, the Government need only provide certified copies of Form 4340 certificates of assessments. *United States v. Pomponio,* 635 F.2d 293, 296 (4th Cir.1980); *United States v. Hopkins,* 859 F.Supp. 208, 211 (S.D.W.Va.1994). The Government's assessment of tax liability is presumptively correct; to defeat its motion for summary judgment, the burden is on the taxpayer to overcome this presumption and put forth evidence that there is a genuine issue of material fact that the assessment was invalid or that the amount assessed was erroneous. *Pomponio,* 635 F.2d at 296; *Lehnhardt v. United States,* 1993 WL 218906, *3 (M.D.N.C.1993). To satisfy this burden, the taxpayer must put forth some evidence other than his own self-serving statements and conclusions. *See Liddy v. C.I.R.,* 808 F.2d 312, 315 (4th Cir.1986) (affirming judgment for the IRS Commissioner where taxpayer only put forth general denials and vague and uncertain testimony despite a general finding that he was a credible witness); *see also, United States v. Troyer,* 983 F.2d 1074 (table), 1992 WL 382378, * 6 (7th Cir.1992) (affirming judgment for the Government where "[t]he [defendants did] not come forward with evidence or legal authority to challenge the validity of the Form 4340 certificates, absent their own self-serving conclusions."); *United States v. Cook,* 2004 WL 690804, *6 (E.D.Pa.2004) ("To overcome this presumption, defendants must present evidence other than self-serving statements, uncorroborated oral testimony, or tax returns demonstrating that plaintiff's assessments are invalid.").

The Government has presented to the Court certified copies of Form 4340 establishing a prima facie case of tax liability against the Defendant for the tax years 1986 through 1996. *See* Exhibit A, *attached to* United States' Motion for Summary Judgment ["Plaintiff's Motion"], filed October 14, 2004. The Defendant has filed a response to Plaintiff's motion for summary judgment along with his affidavit regarding the facts of the case. The Defendant argues that he was not gainfully employed during the years in question and was using his mother's savings for his living expenses; therefore, he did not have any taxable income during this period.[2] Defendant Greer's Answer to Motion for Summary Judgment and Default Judgments ["Defendant's Answer to Motion"], filed November 22, 2004, ¶ 5f; Affidavit of Herman Greer, filed November 22, 2004, at 1. However, the Defendant did not produce any evidence outside of these self-serving statements and conclusions and his general denials of the Government's tax assessments. *Id.* The Court finds that the Defendant has not overcome his burden to show that these assessments are incorrect or by placing before the Court any evidence that would show there is a genuine issue of material fact for trial. Therefore, the Government is entitled to summary judgment on the issue of the Defendant's tax liability.[3]

**2.** The Defendant does not argue that the assessment was invalid based on the failure of the Government to follow statutory deficiency notice requirements which give the taxpayer the opportunity to petition for a redetermination of the deficiency before the Tax Court before the formal assessment is made. *See* 26 U.S.C. § 6213(a). In fact, the Defendant's correspondence with the IRS demonstrates that he did receive such notice and declined the opportunity provided to him to petition for a redetermination of the deficiency before the Tax Court. *See, e.g.,* Exhibit B, *attached to,* Plaintiff's Motion.

**3.** The Court, at this point, also considers the Defendant's arguments, made in the Demand to Dismiss, filed August 27, 2004, that the

## IV. DEFENDANT'S MOTION TO COMPEL

Having granted the Plaintiff's motion for summary judgment as to the tax liability issue, the Defendant's motion to compel is moot.

## V. FORECLOSURE AND DECREE OF SALE

■ A federal tax lien on real property resulting from a tax assessment is enforceable through lien-foreclosure proceedings and a court ordered sale of the property. 26 U.S.C. § 7403; *United States v. Rodgers*, 461 U.S. 677, 690–91, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983). A court may order the sale of "[a]ny property in which the taxpayer has ' "any right, title, or interest' " ... including property in which others claim an interest, so long as all persons ' "having liens upon or claiming any interest in the property' " are joined as parties to the suit." *United States v. Hopkins*, 859 F.Supp. 208, 211–212 (S.D.W.Va.1994) (quoting *Rodgers*, 461 U.S. at 692–93, 103 S.Ct. 2132 (quoting 26 U.S.C. § 7403(a) & (b))). Once the Court determines the merit of all claims of interest or liens on such property and that the United States has a valid lien or claim, the Court may "decree a sale of the such property ... and a distribution of proceeds of such sale according to the findings of the court with respect to the interest of the parties and of the United States." 26 U.S.C. § 7403(c).

### a) One Acre Tract

By consent judgment entered in a state court action, the Defendant's sister, co-Defendant Helen McKinney, was ordered to convey to Greer a one acre piece of real property in connection with litigation involving the division of their mother's estate. Complaint, ¶ 38; Exhibit J, *attached to,* Plaintiff's Motion. Greer requested that the land be conveyed to his daughter, co-Defendant Lisa Greer Whitmire, and Greer received no consideration for the conveyance. Complaint, ¶ 39. In her answer to the complaint, Defendant Lisa Greer Whitmire stated that when she discovered for the first time during the course of this litigation that the one acre tract had been conveyed to her, she conveyed the property back to Greer. Answer of Defendant Lisa Greer Whitmire, filed May 10, 2004, at 2. She also stated that she has never had nor would she pursue in the future any interest in the one acre tract of land. *Id.* Based on this evidence and the fact that such is undisputed by the Defendant, the Court determines that the Defendant Herman Greer is the sole owner of the one acre tract of land, and the United States has proven the merits of its federal tax lien on the property. Therefore, the Plaintiff shall be permitted to foreclose its federal tax liens on the one acre tract in partial satisfaction of said liens.

### b) Twenty Acre Tract

Greer states that he purchased a 20–acre tract of land in 1989 solely as an agent for his mother, Elise Greer. Defendant's Answer to Motion, ¶ 5e. He argues that the money used to purchase this property was derived from the sale of another parcel of land he held title to and then sold, again acting as an agent for his mother. Greer Affidavit, *supra.* In 1991, Greer deeded the 20–acre tract to his mother for little or no consideration, which he claims was pursuant to his agency relationship. *Id.,* at Exhibit E. In 1994, Mrs.

Plaintiff acted fraudulently and criminally in computing the Defendant's alleged tax liabilities. The Court finds the arguments are un-supported by any evidence, and, therefore, also insufficient to defeat the Plaintiff's motion for summary judgment.

Greer executed a trust agreement creating the Greer Farm Trust. *Id.*, at Exhibit G. The day after executing the trust agreement, Mrs. Greer conveyed title in the 20–acre tract to the Trust. Defendant's Answer to Motion, ¶ 6b. Herman Greer was appointed as a trustee and beneficiary of the Trust, Defendant Tim Whitmire was also appointed as a trustee, and Defendant Helen McKinney was also appointed as a beneficiary. Exhibit G, *supra.*

Plaintiff argues that the initial conveyance of the property by Greer to his mother is fraudulent because Greer had prior notice of the tax deficiency against him for the failure to pay his federal income taxes, and the conveyance was undertaken to evade the reach of the Government to foreclose on the land and satisfy his tax liabilities. In the alternative, the Plaintiff argues that the Greer Family Trust should be invalidated for violating its own terms or the Trust should be deemed Herman Greer's alter ego and, in either case, pierced for the purposes of foreclosing on the 20–acre tract held by the Trust. Plaintiff's Memorandum, at 1.

### 1) *Fraudulent Conveyance*

■ Greer claims that the conveyance of the 20–acre tract to Mrs. Greer was not fraudulent because, at the time of the conveyance, he had not received notice of his tax deficiency. He further argues that regardless of whether or not he had notice, he only held title to the tract as an agent of his mother. Defendant's Answer to Motion, *supra.* Pursuant to the leading North Carolina case on fraudulent conveyances,

[i]f the conveyance is voluntary and made with the actual intent upon the part of the grantor to defraud creditors, it is void, although this fraudulent intent is not participated in by the grantee, and

although property sufficient and available to pay existing debts is retained. *Aman v. Walker,* 165 N.C. 224, 81 S.E. 162, 164 (1914); *see also Wilkinson v. United States,* 972 F.2d 345 (table), 1992 WL 188144, *5 (4th Cir.1992). Intent to defraud creditors need not be shown by "expressed declarations, but ... may be shown by the acts and conduct of the parties, from which it may be reasonably inferred." *NYTCO Leasing, Inc. v. Southeastern Motels, Inc.,* 40 N.C.App. 120, 130, 252 S.E.2d 826, 833 (1979).

■ The Plaintiff alleges that Greer's acts and conduct demonstrate an intent to defraud in that the 20–acre property was deeded by Greer to his mother for little or no consideration after he had received notice of the tax deficiency asserted against him. This act, if proven by the Plaintiff and uncontroverted by evidence of the Defendant, would demonstrate the requisite intent to defraud. However, the Court finds that the Government has failed to prove that there is no genuine issue of material fact as to whether Herman Greer had knowledge of the tax deficiency asserted against him at the time of the conveyance. In support of its argument that Greer did have such knowledge, the Government has produced correspondence it received from Greer in May 1992, in which he acknowledges that he had received previous inquiries from the Government with regard to his tax liability. Plaintiff's Memorandum, at 11; Exhibit I, *attached to,* Plaintiff's Motion. However, this correspondence does not establish that Greer knew of the tax deficiency in April 1991 when the tract of land was conveyed to his mother; it only establishes that he had knowledge at some point prior to May 1992. Therefore, the Plaintiff has failed to meet its burden as to this issue.

Additionally, Greer has produced evidence that tends to show he only held the

20–acre tract as an agent for his mother. He has presented a trail of deeds as evidence that in a series of real estate transactions from 1987 until 1991 resulted in his holding title to the 20–acre tract of land as an agent for his mother. *See* Greer Affidavit, at 1–2; *see also, Strong's North Carolina Index 4th Principal and Agent* § 42 ("The appointment of an agent and the scope of his authority may be established by conduct . . . of the principal [and] . . . [t]he fact of agency may be established on the trial by the testimony of the agent himself."). Therefore, the evidence shows that Greer's conveyance of the 20–acre tract to his mother for little or no consideration could have been pursuant to this agency relationship, and therefore, would not have been fraudulent. If such a relationship is proven, Greer would have no "right, title, or interest" in the property on which the Government could foreclose. With regard to this issue, the Court finds there is a genuine issue of fact as to whether Greer held the 20–acre tract as an agent for his mother and whether the conveyance thereof to his mother in April 1991 was fraudulent and the Plaintiff's motion is denied as to this issue.

### 2) *Alter–Ego*

However, the Government may still foreclose its liens on the 20–acre tract if it is able to reach the property through Greer's position as a trustee and beneficiary of the Greer Farm Trust, which now holds title to the tract, or if it is able to prove the Trust is the alter ego of Greer.

■ The Court, however, finds the Government is unable to do either. Section 7403 will permit the Government to foreclose on the property in the Greer Farm Trust only to the extent of Greer's "right, title or interest" in that property as a trustee and beneficiary. 26 U.S.C. § 7403. The extent of an individual's interest in property is determined by state law. *Hill v. United States,* 844 F.Supp. 263, 270 (W.D.N.C.1993) ("State law controls the determination of the nature and extent of the taxpayer's interest in the property."). Under North Carolina law, a trustee of an express trust, though he may hold bare legal title to the property in the trust as a trustee, "has no equitable interest in such property." *In re Chriscoe,* 2003 WL 23211567, *2 (Bankr.M.D.N.C. 2003) (citing *Mast v. Blackburn,* 248 N.C. 231, 102 S.E.2d 812 (1958)). A beneficiary, however, has a "right, title, or interest" in property of the trust to the extent he is granted such "right, title, or interest" by the trust itself.

■ As a beneficiary and trustee of the Greer Farm Trust, Greer only has an interest in the property in the Trust to the extent he is granted any interest as a beneficiary by the Trust itself. Under the express terms of the Trust, Greer as a beneficiary, is entitled to all or any portion of the net income and up to five percent of the corpus of the Trust annually as determined in the discretion of the trustees, in proportion to his units of beneficial interest held. Exhibit G, *supra,* ¶ 8. Therefore, according to his units of beneficial interest, Greer is entitled to receive 50.5 percent of the net income and corpus distributed in the discretion of the board of trustees. *Id.,* ¶ 5. To this stream of income, the Government may attach its federal tax lien, even where the trust is a spendthrift trust.[4] *See e.g., Restatement (Second) of Trusts* § 157 (1959); *United States v. Murray,* 217 F.3d 59, 65 n. 5 (1st Cir. 2000). However, the Government may not foreclose on the property of the Trust that is not distributed to Greer as a beneficiary unless the Trust is deemed by the Court to

---

**4.** The Government has not moved the Court to enter judgment for this relief.

be the alter ego of Herman Greer. *See, e.g., United States v. Trupin,* 119 Fed. Appx. 323, 325 (2d Cir.2005).

For the purposes of using the entity's property to satisfy the taxpayer's federal tax liabilities, the issue of whether an entity is to be considered the alter ego or nominee of a taxpayer is determined by state law. *Cody v. United States,* 348 F.Supp.2d 682, 694 (E.D.Va.2004). North Carolina does not have clearly developed case law on the use of the alter ego theory with regard to trusts in fact situations such as the one at hand. Generally, looking to decisions of other federal courts in similar tax collection cases, a court should consider a separate legal entity the alter ego of a taxpayer where it determines the taxpayer has "active or substantial control" of the entity. *See Shades Ridge Holding Co., Inc. v. United States,* 888 F.2d 725, 728–29 (11th Cir.1989); *see also, Cody, supra* (looking to other federal courts' treatment of nominee ownership in tax levy disputes where there was an absence of guidance from state law on the issue).

The Court finds that the Plaintiff has failed to prove that the Greer Farm Trust is the alter ego of Greer. Greer did not create the Trust, it was established by his mother. As discussed previously, there exists a genuine issue of material fact as to whether the land transferred into the Trust was done so by Greer in an attempt to avoid his tax liabilities. Similarly, there exists a genuine issue of fact as to whether Mrs. Greer properly and legally held title to the 20–acre tract when she placed it into the Trust. *See infra,* Part IV.b.1 (finding genuine issue of material fact whether 1991 conveyance from Greer to his mother was fraudulent); *see also, In re Vebeliunas,* 332 F.3d 85, 92 (2d Cir. 2003) (finding the taxpayer was not equitable owner of property in irrevocable trust under an alter ego theory where his wife placed the property she purchased with her own assets into the trust, of which the taxpayer was the beneficiary). Though the Defendant does exercise considerable control over the 20–acre tract, the Court is unable to find that such control rises to the level to declare the Trust his alter ego. The Court has been unable to find, and the Government has not presented to the Court, any case law in this circuit or any other that is analogous to the facts here, where an otherwise valid trust, established by someone other than the taxpayer, and funded with the property or assets of someone other than the taxpayer, has been declared the alter ego of the taxpayer simply on account of the taxpayer's position as the trustee and/or beneficiary of the trust.[5] Therefore, the Court finds there exists a genuine issue of fact as to whether the

---

**5.** In fact, the most analogous case found reached the opposite conclusion. *See Cohen v. United States,* 1998 WL 953979 (C.D.Cal. 1998). In *Cohen,* a testamentary trust created by the taxpayer's father at his death was found not to be the alter ego of the plaintiff-taxpayer, who was the sole trustee and one of the beneficiaries of the trust. *Id.,* at *1–2. In part, the court concluded that the taxpayer did not have sufficient control of the trust because, under the express terms of the trust, he could not distribute the principal assets to himself. *Id.,* at *7. Furthermore, the court found that the taxpayer's use of the trust bank account as his personal account was not con-

clusive of his control over the trust because the account was so small relative to the other assets of the trust. *Id.* The court reached its conclusion despite the fact that it found the trust had sufficient assets to settle the taxpayer's liabilities, that the trust was being used to avoid paying the IRS, the taxpayer "clearly disregarded certain formalities of the Trust," and the taxpayer had failed to maintain an arms-length relationship with the trust. *Id.,* at *7–8. The court concluded that the Government could reach only the taxpayer's interest in the trust as a beneficiary, but could not otherwise pierce a legitimate testamentary trust to reach its assets. *Id.,* at *8–9.

Greer Farm Trust is the alter ego of Herman Greer. Thus, the Plaintiff's motion on this issue is denied.[6]

## VI. MOTION FOR DEFAULT JUDGMENT

The Plaintiff also moves for default judgment against Defendant Timothy Whitmire, the other trustee of the Greer Farm Trust, against whom entry of default has been filed. *See* Order, filed August 16, 2004. Because the Court has denied Plaintiff's motion for summary judgment as to the issue of whether the Greer Farm Trust is the alter ego of Herman Greer, the Court cannot at this time enter default judgment against the Trust's other trustee Timothy Whitmire. The Plaintiff's motion for default judgment is, therefore, denied.

## VII. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for summary judgment is hereby **ALLOWED IN PART AND DENIED IN PART** in that:

1. As to the issue of the Defendant Herman Greer's tax liability to the United States, the motion is **GRANTED**, and a Judgment is filed herewith;

2. As to the issue of the foreclosure of the one acre tract, the motion is **GRANTED**, and a Decree of Sale is filed herewith;

3. As to the issue of the foreclosure of the 20-acre tract, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's motion for default judgment against Timothy Whitmire is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Greer's motions to dismiss and to compel are hereby **DENIED**.

**IT IS FURTHER ORDERED** that those issues in which this Court has denied summary judgment are to be placed on the Court's May 2005 civil trial calendar.

---

6. The Plaintiff also argues that Greer's position as trustee and beneficiary of the Trust violates the express terms of the Trust which provide that "no beneficiary, as such, shall be empowered to control the trustees in any way or dictate management of investment policies of the trust or determine the disbursement of trust income or corpus." Exhibit G, *supra*, ¶ 22. However, even if Greer is in violation of this provision, the validity of the Trust itself is not affected; instead, he may be in breach of his fiduciary duty as trustee and may be liable to the Trust for any resulting damages. *See* 76 Am.Jur.2d. *Trusts* § 339 ("A trustee has all powers not denied to him by the terms of the trust . . . ."). *Cf., Davenport v. Central Carolina Bank*, 161 N.C.App. 666, 671–72, 589 S.E.2d 367, 370–71 (2003) (finding the trustee was not in breach of fiduciary duty where he properly abided by the express provisions of the trust).